1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11  MARION ANDERSON,       )
                                   )
12          Plaintiff,       )     3: 09-cv-0375-HDM-VPC
                                   )
13  vs.                         )
                                   )     **ORDER**
14  E. K. McDANIEL, *et al*.,    )
                                   )
15          Defendants.     )
                                   /
16

17            Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections,

18  filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Seventh Judicial District. (#1-2).

19  Respondents removed the action to this court on July 10, 2009.  (Docket #1.)

20                         **Screening Pursuant to 28 U.S.C. § 1915A**

21            Federal courts must conduct a preliminary screening in any case in which a prisoner

22  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

23  U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

24  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

25  monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).

26  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

1  F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

2  essential elements: (1) that a right secured by the Constitution or laws of the United States was

3  violated, and (2) that the alleged violation was committed by a person acting under color of state law.

4  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

5       In addition to the screening requirements under § 1915A, pursuant to the Prison

6  Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the

7  allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on

8  which relief may be granted, or seeks monetary relief against a defendant who is immune from such

9  relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which

10  relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court

11  applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended

12  complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave

13  to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of

14  the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

15  F.3d. 1103, 1106 (9th Cir. 1995).

16       Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel*

17  *v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

18  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

19  that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

20  making this determination, the court takes as true all allegations of material fact stated in the

21  complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*

22  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are held to less

23  stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9

24  (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule

25  12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels

26  and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic

1   recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*, 478 U.S.

2   265, 286 (1986).

3           All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

4   the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on

5   legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

6   claims of infringement of a legal interest which clearly does not exist), as well as claims based on

7   fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S.

8   319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9                               **Screening of the Complaint**

10          Plaintiff sues defendant Nevada Department of Corrections ("NDOC") and

11  defendants Dr. Greg Martin, Sargeant Bryant, Officer Lee and Dr. John Doe.  In his first cause of

12  action, plaintiff alleges an unspecified willful and intentional tort, alleging that he has suffered

13  injuries and/or damages as a direct result of the defendant inflicting cruel and unusual punishment on

14  him.  In his second cause of action, plaintiff alleges cruel and unusual punishment in general along

15  with excessive force.   Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

16  **Defendants**

17          The Civil Rights Act under which this action was filed provides:

18                  Every person who, under color of [state law]    . . . subjects, or causes
                    to be subjected, any citizen of the United States. . . to the deprivation
19                  of any rights, privileges, or immunities secured by the Constitution. . .
                    shall be liable to the party injured in an action at law, suit in equity, or
20                  other proper proceeding for redress.  42 U.S.C. § 1983.

21          The statute plainly requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell*

23  *v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

24  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

25  within the meaning of section 1983, if he does an affirmative act, participates in another's

26  affirmative acts or omits to perform an act which he is legally required to do that causes the

                                               3

1   deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

2           The Eleventh Amendment prohibits federal courts from hearing suits brought against

3   an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co*., 951 F.2d 1050, 1053 (9th Cir.

4   1991)(citation omitted); *see also Seminole Tribe of Fla. v. Florida,* 116 S.Ct. 1114, 1122 (1996);

5   *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State*

6   *Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against

7   state agencies as well as those where the state itself is named as a defendant.  *See Natural Resources*

8   *Defense Council v. California Dep't of Tranp*., 96 F.3d 420, 421 (9th Cir. 1996); *Brook*, 951 F.2d at

9   1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of

10   Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles*

11   *Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989).  Because the NDOC is state agency, it

12   is entitled to Eleventh Amendment immunity from suit.  Accordingly, the NDOC will be dismissed

13   from this action with prejudice.

14           Plaintiff's complaint contains no allegation against Dr. Greg Martin or Dr. John Doe.

15   Because plaintiff has failed to link them with some affirmative act or omission connected with either

16   of plaintiff's causes of action, defendants Dr. Martin and Dr. John Doe will be dismissed from this

17   action.

18   **First Cause of Action**

19           In the first cause of action,  plaintiff contends that he was "x-rayed 18 times in a row,

20   back and front and being exposed to deadly and harmful radiation, and refused treatment by Doctor,

21   for radiation disease, and now found radiation skin disease."   Plaintiff alleges violations of Nevada

22   statutes and the Nevada Constitution, but makes no reference to the United States Constitution.

23           A prisoner's claim of inadequate medical care does not constitute cruel and unusual

24   punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

25   needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves

26   an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

1    "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501

2    U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

3    mind," which entails more than mere negligence, but less than conduct undertaken for the very

4    purpose of causing harm.  *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a

5    deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

6    inmate health or safety." *Id*.

7          In applying this standard, the Ninth Circuit has held that before it can be said that a

8    prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.

9    Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

10   *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at

11   105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical

12   condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

13   Medical malpractice does not become a constitutional violation merely because the victim is a

14   prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310,

15   1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other*

16   *grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross

17   negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v.*

18   *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis

19   or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242

20   (9th Cir. 1989).

21          In the present case, plaintiff does not identify any defendant who committed the acts

22   alleged in the first cause of action.  Supervisory personnel are generally not liable under section 1983

23   for the actions of their employees under a theory of *respondeat superior* and, therefore, when a

24   named defendant holds a supervisorial position, the causal link between him and the claimed

25   constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th

26   Cir. 1979);  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941

                                               5

(1979).  To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that

supervisory defendants either: personally participated in the alleged deprivation of constitutional

rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a

policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting

*Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support

claims under Section 1983.  *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163

(1993).

The court finds that in light of plaintiff's failure to connect any defendant with the

events alleged in the first cause of action, it fails to state a claim for which relief can be granted.

Thus, the first cause of action will be dismissed with leave to amend to correct the deficiencies of

this claim.

**Second Cause of Action**

In the second cause of action, plaintiff alleges cruel and unusual punishment in

general and excessive force in particular, in violation of the Nevada Constitution and the Eighth

Amendment.  Specifically, plaintiff alleges that on December 31, 2008, Sgt. Bryant took plaintiff to

the administrative medical lockdown unit.  He claims that during the transfer, Sgt. Bryant held

plaintiff, kicking and striking him from behind, while Officer Lee struck plaintiff in the face, chest

and abdomen.  Plaintiff alleges that he sustained major bruises, swelling of his face, and a broken

nose.  Plaintiff further claims that  Sgt. Bryant held him down to be x-rayed 18 times in a row front

and back, exposing him to very high levels of chemical radiation.

When a prison official stands accused of using excessive physical force in violation of

the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether

force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically for the purpose of causing harm.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing

6

*Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response.  *Hudson*, 503 U.S. at 7.  The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation.  *Id*.  Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative.  *Id*.  That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury.  *Id*. at 9.  Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action.  *Hudson*, 503 U.S. at 9.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id*. (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.)(*cert. denied sub nom. Johnson,* 414 U.S. 1033 (1973)).  The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force.  *Id*. at 9-10.

The court finds that construing the alleged facts in plaintiff's favor, as it must, the second cause of action states a colorable Eighth Amendment excessive force claim against defendants Sgt. Bryant and Officer Lee.

Plaintiff also alleges in the second cause of action that defendant McDaniel has been the focus of written and/or verbal challenges and complaints by plaintiff.  He claims that defendants McDaniel, Bryant and Lee committed, and/or engaged in and/or incited each for illegal conduct on December 31, 2008, by discussing and condemning him.  Plaintiff alleges that defendants thereby violated his rights under Nevada statutes and the Nevada Constitution.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

(9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989).  To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose.  *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).  *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action.  *Pratt*, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent.  *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

In this case, plaintiff makes no reference to the First Amendment in the second cause of action.  Thus, the second cause of action  does not state a First Amendment claim against any defendant.  Further, plaintiff alleges no acts which would implicate defendant McDaniel based on supervisorial liability.  All he alleges regarding defendant McDaniel is that he discussed and condemned plaintiff.  Accordingly, the second cause of action does not state a colorable claim against defendant McDaniel.

Plaintiff will be granted an opportunity to file an amended complaint if he can, in good faith, allege facts to cure the defects of the complaint outlined in this order.  Plaintiff is informed that an amended complaint supercedes the original complaint and therefore must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).  Therefore, the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.  In filing an amended complaint, plaintiff may not simply file an addendum-styled document that includes additional allegations and names

1   additional defendants, but rather, the amended complaint must contain all claims, defendants, and

2   factual allegations that plaintiff wishes to pursue in this lawsuit.

3

4

5          **IT IS THEREFORE ORDERED** the Clerk of the Court shall **FILE** the complaint.

6    (Docket #1-2.)

7          **IT IS FURTHER ORDERED** that defendants NDOC is **DISMISSED** with

8    prejudice.

9          **IT IS FURTHER ORDERED** that defendants Dr. Martin and Dr. John Doe are

10   **DISMISSED** with leave to amend.

11         **IT IS FURTHER ORDERED** that the first cause of action is **DISMISSED** with

12   leave to amend to remedy the deficiencies set forth above.

13         **IT IS FURTHER ORDERED** that defendant McDaniel is dismissed with leave to

14   amend.

15         **IT IS FURTHER ORDERED** that plaintiff is **GRANTED** thirty (30) days from the

16   date of service of this order to file an amended complaint remedying the deficiencies in the original

17   complaint set forth above.

18         **IT IS FURTHER ORDERED** that plaintiff's failure to file a timely amended

19   complaint in compliance with this order will result in this action proceeding on the second cause of

20   action only and against defendants Sgt. Bryant and Officer Lee only.

21

22         DATED: June 28, 2010.

23

24   _____
     UNITED STATES DISTRICT JUDGE
25

26