

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARION ANDERSON, | ) | |
| Plaintiff, | ) | 3: 09-cv-0375-HDM-VPC |
| vs. | ) | **ORDER** |
| E. K. McDANIEL, *et al.*, | ) | |
| Defendants. | ) | |

17  Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections,

18  filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Seventh Judicial District. (#1-2).

19  Respondents removed the action to this court on July 10, 2009. (Docket #1.)

20  **Screening Pursuant to 28 U.S.C. § 1915A**

21  Federal courts must conduct a preliminary screening in any case in which a prisoner

22  seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

23  U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any

24  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

25  monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

26  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901

1  F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

2  essential elements: (1) that a right secured by the Constitution or laws of the United States was

3  violated, and (2) that the alleged violation was committed by a person acting under color of state law.

4  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

5       In addition to the screening requirements under § 1915A, pursuant to the Prison

6  Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the

7  allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on

8  which relief may be granted, or seeks monetary relief against a defendant who is immune from such

9  relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which

10  relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court

11  applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended

12  complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave

13  to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of

14  the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70

15  F.3d. 1103, 1106 (9th Cir. 1995).

16       Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel*

17  *v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a

18  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

19  that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In

20  making this determination, the court takes as true all allegations of material fact stated in the

21  complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v.*

22  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less

23  stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9

24  (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule

25  12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels

26  and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic

1   recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S.

2   265, 286 (1986).

3          All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

4   the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on

5   legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

6   claims of infringement of a legal interest which clearly does not exist), as well as claims based on

7   fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.

8   319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9                                    **Screening of Complaint**

10          On June 28, 2010, this court entered an order dismissing one cause of action and two

11   defendants in the original amended complaint. (Docket #11.) The court gave plaintiff an

12   opportunity to file a second amended complaint, explaining to plaintiff how to do so. *Id.* Plaintiff

13   filed his second amended complaint on July 12, 2010. (Docket #14.) The court found this second

14   amended complaint to be internally inconsistent, because although plaintiff listed two causes of

15   action in the body of the complaint, he attached a supporting memorandum in which he listed five

16   causes of action. *Id.* The court granted plaintiff one last opportunity to file a comprehensible

17   complaint. On August 23, 2010, plaintiff filed his third amended complaint. (Docket #19.)

18   **A.     Defendants**

19          The Civil Rights Act under which this action was filed provides:

20               Every person who, under color of [state law]    . . . subjects, or causes
                 to be subjected, any citizen of the United States. . . to the deprivation
21               of any rights, privileges, or immunities secured by the Constitution. . .
                 shall be liable to the party injured in an action at law, suit in equity, or
22               other proper proceeding for redress.  42 U.S.C. § 1983.

23   The statute plainly requires that there be an actual connection or link between the actions of the

24   defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department*

25   *of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has

26   held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the

3

1    meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

2    omits to perform an act which he is legally required to do that causes the deprivation of which

3    complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff names as

4    defendants in his third amended complaint E. K. McDaniel, Ronald Bryant, Greg Martin, and

5    Michael Lee. Plaintiff has connected each of these four defendants with some affirmative act or

6    omission alleged in his third amended complaint.

7    **B.    First Cause of Action**

8              In his first cause of action, plaintiff alleges cruel and unusual punishment in general

9    and excessive force in particular, in violation of the Eighth Amendment. Specifically, plaintiff

10   alleges that on December 31, 2008, Sgt. Bryant placed him in full restraints, handcuffs and shackles,

11   and took him to the administrative medical lockdown unit. Plaintiff claims that during the transfer,

12   Sgt. Bryant held him, kicking and striking him from behind, while Officer Lee struck plaintiff in the

13   face, chest and abdomen. Plaintiff alleges that he sustained major bruises, swelling of his face, and a

14   broken nose. Plaintiff further claims that Sgt. Bryant held him down to be x-rayed eighteen times in

15   a row front and back, exposing him to very high levels of chemical radiation.

16             When a prison official stands accused of using excessive physical force in violation of

17   the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether

18   force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

19   sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing

20   *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was

21   wanton and unnecessary, it is proper to consider factors such as the need for application of force, the

22   relationship between the need and the amount of force used, the threat reasonably perceived by the

23   responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*,

24   503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of

25   force could plausibly have been thought necessary in a particular situation. *Id.* Although the

26   absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.*

4

1   That is, use of excessive physical force against a prisoner may constitute cruel and unusual

2   punishment even though the prisoner does not suffer serious injury. *Id.* at 9.  Although an inmate

3   need not have suffered serious injury to bring an excessive force claim against a prison official,

4   "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503

5   U.S. at 9.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's

6   chambers, violates a prisoner's constitutional rights." *Id.* (citing *Johnson v. Glick*, 481 F.2d 1028,

7   1033 (2d Cir.)(*cert. denied sub nom. Johnson*, 414 U.S. 1033 (1973)).  The Eighth Amendment's

8   prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition

9   *de minimus* uses of physical force. *Id.* at 9-10.

10          The court finds that construing the alleged facts in plaintiff's favor, as it must, the

11  second cause of action states a colorable Eighth Amendment excessive force claim against

12  defendants Sgt. Bryant and Officer Lee.

13  **C.      Second Cause of Action**

14          Plaintiff alleges that on December 31, 2008, Officers Bryant and Lee held him down

15  while Dr. Greg Martin probed plaintiff's anal region.  Plaintiff states that after the probing did not

16  result in the finding of any contraband, he was housed naked in a lockdown cell for six days without

17  any necessities or running water.  Plaintiff further claims that he asked Dr. Martin for medical

18  treatment to stop the bleeding from the assault and the anal probing, but was refused treatment.

19          A prisoner's claim of inadequate medical care does not constitute cruel and unusual

20  punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

21  needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves

22  an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

23  "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501

24  U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

25  mind," which entails more than mere negligence, but less than conduct undertaken for the very

26  purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a

5

1 deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
2 inmate health or safety." *Id.*

3         In applying this standard, the Ninth Circuit has held that before it can be said that a
4 prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.
5 Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
6 *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at
7 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical
8 condition does not state a valid claim of medical mistreatment under the Eighth Amendment.
9 Medical malpractice does not become a constitutional violation merely because the victim is a
10 prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310,
11 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other*
12 *grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross
13 negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v.*
14 *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis
15 or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242
16 (9th Cir. 1989).

17         In the present case, the court finds that plaintiff's second cause of action states a
18 colorable Eighth Amendment medical care claim against Defendant Martin, and a colorable Eighth
19 Amendment Excessive Force Claim against Defendants Bryant, Lee and Martin.

20 **D.**     **Third Cause of Action**

21         Plaintiff alleges that when he asked to speak with Warden E. K. McDaniel after the
22 attacks of December 31, 2008, defendants Bryant and Lee admitted to him that they had been
23 organizing a malicious assault on him.  He further claims that defendant McDaniel gave orders to
24 maliciously attack him, endangering his health and safety.  The court finds that plaintiff states a
25 colorable Eighth Amendment excessive force claim against defendant McDaniel.

26 //

1     **IT IS THEREFORE ORDERED** that the Clerk shall electronically serve a copy of

2   this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy

3   of plaintiff's third amended complaint, on the Office of the Attorney General of the State of Nevada,

4   to the attention of Pamela Sharp.

5     **IT IS FURTHER ORDERED** defendants shall file and serve an answer or other

6   response to the complaint within **thirty (30) days** following the date of the early inmate mediation.

7   If the court declines to mediate this case, an answer or other response shall be due within **thirty (30)**

8   **days** following the order declining mediation.

9     **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE,**

10   **AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30)**

11   **days** from the date of entry of this order.

12     **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants

13   or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading,

14   motion or other document submitted for consideration by the court.  Plaintiff shall include with the

15   original paper submitted for filing a certificate stating the date that a true and correct copy of the

16   document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of

17   appearance, the plaintiff shall direct service to the individual attorney named in the notice of

18   appearance, at the address stated therein.  The Court may disregard any paper received by a district

19   judge or magistrate judge which has not been filed with the Clerk, and any paper received by a

20   district judge, magistrate judge or the Clerk which fails to include a certificate showing proper

21   service.

22     DATED: *September 8, 2010*

23

24     *Valerie P. Cooke*

25     UNITED STATES MAGISTRATE JUDGE

26

7

1

2   Name

    Prison Number (if applicable)
3

    Address
4

5

6                   UNITED STATES DISTRICT COURT

7                      DISTRICT OF NEVADA

8

9                ,  )     Case No. _____
             Plaintiff,  )

10  v.             )    **NOTICE OF INTENT TO**
               )    **PROCEED WITH MEDIATION**
11                 )

12                )
            Defendants.  )
13                )

14        This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

15

16

17  1.     Do you wish to proceed to early mediation in this case? ____ Yes ____ No

18  2.     If no, please state the reason(s) you do not wish to proceed with mediation? _____

19          _____

20          _____

21          _____

22  3.     List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

23

24          _____

25          _____

26          _____

      4.     List any and all cases, including the case number, that are currently pending or any pending

grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.    Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 2010.


_____
Signature


_____
Name of person who prepared or
helped prepare this document

9